FILED
2013 Sep-26  AM 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **LONNIE L. TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:12-CV-2220-VEH** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **ACTING COMMISSIONER,** | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## <u>MEMORANDUM OPINION</u>[1]

Plaintiff Lonnie L. Turner ("Mr. Turner") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for Disability Insurance Benefits

---

[1] Carolyn W. Colvin was named the Acting Commissioner on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on September 16, 2013). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

("DIB"). Mr. Turner timely pursued and exhausted his administrative remedies available before the Commissioner.  The case is thus ripe for review under 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

Mr. Turner was 34 years old at the time of his hearing before the Administrative Law Judge ("ALJ"). *See* Tr. 64. He has completed the eighth grade. Tr. 168. His past work experiences include employment as a semi-truck driver, parts picker, construction worker, cabinet and countertop assembler, welder/fitter, heavy equipment operator, and chainsaw operator. Tr. 64. He claims he became disabled on May 9, 2009, due to debilitating pain from various injuries that he had suffered and which had progressively worsened over time.  Tr. 161. His last period of work ended on May 9, 2009. *Id.*

On June 22, 2009, Mr. Turner protectively filed a Title II application for a period of disability and DIB. Tr. 52. On August 14, 2009, the Commissioner initially denied these claims. *Id.* Mr. Turner timely filed a written request for a hearing on September 1, 2009. *Id.* The ALJ conducted a video hearing on the matter on March 7, 2011. *Id.* On March 16, 2011, he issued his opinion concluding Mr. Turner was not disabled and denying him benefits. Tr. 66. Mr. Turner timely petitioned the Appeals Council to review the decision on May 9, 2011. Tr. 12. On May 16, 2012 the Appeals

2

Council issued a denial of review on his claim. Tr. 1.

Mr. Turner filed a Complaint with this court on June 20, 2012, seeking review of the Commissioner's determination. Doc. 1. The Commissioner answered on October 15, 2012. Doc. 7. With the parties having fully briefed the matter, the court has carefully considered the record and reverses the decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the

3

court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[2] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant

---

[2]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

4

is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether the claimant has a severe impairment;

    (3)    whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

    (4)    whether the claimant can perform his or her past work; and

    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

    Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## <u>FINDINGS OF THE ADMINISTRATIVE LAW JUDGE</u>

After consideration of the entire record, the ALJ made the following findings:

1.    Mr. Turner met the insured status requirements of the Social Security Act through December 31, 2013.

2.    Mr. Turner had not engaged in substantial gainful activity since May 9, 2009, the alleged onset date of his disability.

3.    Mr. Turner had the following severe impairments: back, neck, left shoulder, and right leg impairments; status post nondisplaced fracture of the right foot.

4.    Mr. Turner did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5.    Mr. Turner had the residual functioning capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), with the following exceptions: he could not do overhead work with the left, non-dominant arm. He must avoid exposure to extremes of heat, cold, and humidity.

6.    Mr. Turner was unable to perform any past relevant work.

7.    Mr. Turner was born on March 2, 1977, and was thirty-two years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8.    Mr. Turner had a limited education and was able to communicate in English.

9.    Transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that Mr. Turner was "not disabled," whether or not he had transferable job skills.

10.   Considering Mr. Turner's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national

economy that he could perform.

11.     Mr. Turner had not been under a disability, as defined in the Social Security Act, from May 9, 2009, through the date of this decision.

Tr. 54-65.

## ANALYSIS

## I.     Introduction

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[3] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Mr. Turner urges this court to reverse the Commissioner's decision to deny him benefits on two grounds: (1) the ALJ's RFC determination was unsupported by substantial evidence, and (2) it nevertheless contained a material error of law. Doc. 9 at 2. The court agrees with Mr. Turner that the ALJ erred legally, but for an

---

[3]*Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

antecedent reason than the one Mr. Turner identifies. Mr. Turner argues that the ALJ wrongly based his RFC determination on the report of a non-examining, reviewing physician in the face of contrary evaluations by two consultative physicians. *See id.* at 10-13. Before the court may assess this claim, however, it must know how the ALJ specifically weighed the various medical evaluations he confronted. The ALJ failed in this respect, and this failure itself merits reversal and remand.

## II.    The ALJ failed to weigh the medical opinion evidence with the required particularity.

In assessing the medical opinion evidence in any case, an ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)); *see also Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986) (requiring the ALJ on remand to articulate his reasons for not giving weight to consulting physician's diagnoses accompanying a pulmonary function test). Absent such a statement, a reviewing court cannot determine whether the Commissioner's ultimate decision is supported by substantial evidence. *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985) (per curiam) (citations omitted). For this reason, the failure to specify what weight is given medical opinion evidence is reversible error. *See Sharfarz*, 825 F.3d at 279-281.

In this case, the ALJ failed the particularity requirement in two respects: (1) he did not state what weight he gave the opinion of Dr. Rickless, Mr. Turner's consultative physician, and (2) he did not clarify how he treated the evaluation of Dr. Hakim, Mr. Turner's other consultative physician. In discussing Dr. Rickless's medical assessment, the ALJ noted that that the doctor "opined that [Mr. Turner] would have limitations on sitting, standing, walking, lifting, and carrying . . ." Tr. 63 (citation omitted). Dr. Rickless also found that Mr. Turner would have travel limitations. *Id.* (citation omitted). But, the ALJ evidently considered the doctor's vocational evaluations too vague, as he stated the following about them:

> Unfortunately, Dr. Rickless did not specify the extent of these restrictions. Because there is no quantifiable limitation indicated for these activities, the undersigned is unable to assess or compare the degree to which Dr. Rickless thought [Mr. Turner] would have difficulty. The residual functional capacity assessment does provide for restrictions in each activity, to the light exertion level.

*Id.* The ALJ clearly discounted Dr. Rickless's opinion, but he did not clarify whether he assigned it some weight, little weight, or none whatsoever. He suggested that his RFC determination reflected at least some of Dr. Rickless's input, but the weight he gave it remains unclear.

The ALJ was similarly vague concerning Dr. Hakim's opinion. He noted that Dr. Hakim examined Mr. Turner on two relevant occasions. In July 2010, Dr. Hakim

"opined that [Mr. Turner] was disabled from any manual labor based on his medical condition." *Id.* (citation omitted). Then, on December 14, 2010, Dr. Hakim filled out a physical capacities evaluation ("PCE") form. The form revealed the following findings:

- Mr. Turner could only lift ten pounds occasionally to five pounds frequently.

- He could occasionally perform gross and fine manipulation but should rarely push, pull, bend, stoop, reach (including overhead), or operate motor vehicles, and he should never climb stairs or ladders or balance.

- Because of his impairments, he was likely to be absent from work more than four days per month.

Tr. 409. Dr. Hakim also filled out a separate form stating that (1) Mr. Turner's pain was sufficient "to be distracting to adequate performance of daily activities or work," and (2) physical activity "greatly increased [his] pain and to such a degree as to cause distraction . . ." Tr. 410. Dr. Hakim finally concluded that any side effects from medication would not "create serious problems in most instances." *Id.* In explaining his diagnosis, Dr. Hakim cited Mr. Turner's chronic low back pain, cervical radiculopathy, and history of cerebral vascular accident. Tr. 409.

The ALJ at first declared that he could not give "any weight" to Dr. Hakim's opinion. Tr. 63. He then elaborated his reasons for doing so, which included the standardized nature of the PCE form that Dr. Hakim submitted, the drastic change in

the doctor's medical diagnosis between his July and December examinations of Mr. Turner, and the fact that Mr. Turner's attorney directly sought the doctor's opinion for the purpose of Mr. Turner's disability application. *Id.* The ALJ concluded his assessment, however, by saying that he had accorded Dr. Hakim's opinion "little weight." Tr. 64. He thus left it confusingly unclear what role, if at all, Dr. Hakim's evaluation played in his RFC determination.

The court is not being pedantic here. These designations are vital in determining whether the ALJ applied proper legal standards in denying Mr. Turner disability benefits. Outside of Drs. Rickless and Hakim, the only other medical opinions that the ALJ considered were those from Dr. Carman, a chiropractor who examined Mr. Turner on three occasions, and Dr. Whitney, a state agency reviewing physician who did not examine Mr. Turner at all. Tr. 59, 62. The ALJ gave no weight to Dr. Carman's disability diagnosis because chiropractors are not "acceptable medical sources" under the Regulations. Tr. 63. And he gave "some" weight to Dr. Whitney's evaluation. Tr. 62. Thus, if he entirely discredited the opinions of Drs. Rickless and Hakim, the only opinion evidence he would have credited in his RFC determination would have been that of a non-examining, reviewing physician. This possibility makes his failure to explain the amount of weight he gave to the examining physicians' various medical opinions particular difficult for a reviewing

court such as this one. *See Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. Unit B Nov. 1981) ("[T]he opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician . . .").[4] An ALJ may entirely discredit an examining physician's opinion, but he or she must explain themselves accordingly. *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) ("The law is clear that, although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion . . .") (quotation omitted).

At this point, the court cannot review whether the ALJ met this burden. The evidence plausibly shows that Mr. Turner's three examining physicians gave him graver diagnoses than Dr. Whitney did. And the ALJ's RFC assessment ultimately conformed closer to Dr. Whitney's than to any of the others. The court cannot determine whether substantial evidence supports this conclusion without knowing first if the ALJ followed the law in arriving at it. Without such guidance from the ALJ, the court is unable to exercise meaningful judicial review. *See Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985) ("We cannot, however, conduct a review that is

---

[4]This decision is binding in this Circuit. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) (adopting as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit.).

both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.") (citations omitted).

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court finds that the Commissioner did not apply proper legal standards in reaching her final decision.  Accordingly, the decision will be reversed and remanded by separate order.

**DONE** and **ORDERED** this the 26th day of September, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

13